**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

COLUMBIA GAS TRANSMISSION, LLC,

          Plaintiff,

v.                              CIVIL ACTION NO.   2:14-cv-27773

14.96 ACRES, MORE OR LESS, IN
LOGAN COUNTY, et al.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Strike (the "Motion"). (ECF 12.) For the reasons discussed herein, the Court construes the Motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and **GRANTS** the Motion.

## *I.  Background*

This action arises out of Plaintiff's failed attempts to acquire temporary and permanent easements on Defendants' land. Plaintiff "is an interstate natural gas company as defined by Section 717a(6) of the Natural Gas Act, 15 U.S.C. § 717 et. seq." (ECF 13 at 1.) Defendants "are record owners of that certain parcel of real property located in Logan County, West Virginia, identified as Parcel Identification No. 03-144-0077, as is more particularly described in a deed recorded in the land records of Logan County, West Virginia in Deed Book 610, at Page 998, comprising 14.47 acres, more or less" (the "Property"). (ECF 1 ¶ 7.)

1

On November 7, 2014, Plaintiff filed a Complaint in Condemnation[1] seeking a judgment order of taking by eminent domain granting Plaintiff permanent and temporary easements on the Property in order for Plaintiff to construct or later relocate a pipeline, as well as "to conduct all activities incident thereto."[2] (ECF 1 at 5–7.) Plaintiff alleges that it "negotiated with [Defendants] and made bona fide efforts to acquire the necessary easements by agreement but [was] unable to obtain any such rights by contract, or to agree with [Defendants] upon the compensation to be paid." (*Id.* ¶ 36.)

Defendants filed their answer to the Complaint in Condemnation on January 9, 2015. (ECF 10.) Defendants' answer includes a counterclaim against Plaintiff. (*Id.* at 7–9.) The counterclaim does not contest Plaintiff's authority to seek a judgment order of taking by eminent domain for easements on the Property. (*See id.*) Instead, Defendants' counterclaim requests the following relief: (1) "just compensation of the property to be taken;" (2) "reasonable royalties for piping

---

[1] Plaintiff initiated this condemnation action pursuant to its alleged eminent domain authority as a holder of a certificate of public convenience and necessity, as provided under 15 U.S.C. § 717f(h). (ECF 1 ¶ 1. *See generally* ECF 1, Ex. 1 (providing a document, dated January 7, 1983, that discusses the issuance by the Federal Energy Regulatory Commission to Columbia Gas Transmission Corporation of a certificate of public convenience and necessity authorizing routine activities and permitting and approving abandonment).) Section 717f(h) provides as follows:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: *Provided,* That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

[2] The Complaint also includes requests that the Court grant Plaintiff easements on an additional property owned by two other individuals. (*See* ECF 1.) However, on November 25, 2014, Plaintiff filed a Notice of Voluntary Dismissal as to those other individuals. (ECF 7.) As such, Defendants Darrell Loggins and Shirley Loggins are the only remaining defendants in this action.

and/or transporting natural gas across [Defendants'] property;" (3) a judgment against Plaintiff "for annoyance and inconvenience as a direct and proximate result of [Plaintiff's] actions;" (4) a judgment against Plaintiff "for such other harms, losses and general damages that may exist;" (5) "post-judgment interest on [Defendants'] special damages;" and (6) "attorney's fees and costs in pursuing this action as equity requires." (*Id.* at 9.)

Plaintiff filed the Motion on January 30, 2015. (ECF 12.) In the Motion, Plaintiff argues that the Court should strike Defendants' counterclaim because it is procedurally improper under Federal Rule of Civil Procedure 71.1(e) and the case law interpreting that rule. (*See* ECF 13.) To date, Plaintiff has not filed a responsive brief to the Motion. As such, the Motion is ready for disposition.

## II.  Discussion

Plaintiff argues that the Court should strike Defendants' counterclaim to the Complaint in Condemnation pursuant to Federal Rule of Civil Procedure 12(f). (ECF 13.) Rule 12(f) provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff does not argue that the Court should strike Defendants' counterclaim based on any of the grounds provided in Rule 12(f). (*See* ECF 13.) Rather, Plaintiff argues that the counterclaim is "impermissible" and "procedurally invalid" because "[f]ederal courts have held that an answer is the only permissible filing in response to a condemnation action." (*Id.* at 2–4.) As such, Plaintiff's motion actually seeks dismissal of Defendant's counterclaim based on the argument that it is precluded as a matter of law. (*See id.*); *cf. Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010)

(construing a motion to strike pleadings on the basis that the sought-after damages "are precluded as a matter of law" as a motion to dismiss under Rule 12(b)(6)).

"A motion to strike 'is neither an authorized nor proper way to procure the dismissal of all or a part of . . . a counterclaim.'" *Penn Mut. Life Ins. Co. v. Berck*, Civil Action No. DKC 09–0578, 2010 WL 3294305, at *2 (D. Md. Aug. 20, 2010) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004)); *e.g.*, *GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09cv123 (JCC), 2009 WL 2160451, at *4 (E.D. Va. July 17, 2009) (citation omitted); *Oracle v. DrugLogic, Inc.*, 807 F. Supp. 2d 885, 896 (N.D. Cal. 2011); *see, e.g.*, *Whittlestone, Inc.*, 618 F.3d at 974–75 (holding "that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law"). *But see Constitution Pipeline Co. v. A Permanent Easement for 2.40 Acres*, No. 3:14–CV–2046, 2015 WL 1726223, at *1–2 (N.D.N.Y. Apr. 14, 2015) (finding that the defendant's counterclaim in a condemnation action was procedurally improper under Federal Rule of Civil Procedure 71.1(e)(3) and therefore granting the plaintiff's motion to strike the counterclaim). Nonetheless, "where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion." *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1021 (N.D. Cal. Aug. 26, 2009). As Plaintiff's Motion seeks dismissal of Defendants' counterclaim based on the argument that it is precluded by law, the Court will construe the Motion to Strike as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Penn Mut. Life Ins. Co.*, 2010 WL 3294305, at *2 (construing a motion to strike a counterclaim—which sought to procure the dismissal of the counterclaim—as a motion to dismiss).

4

In addressing a motion to dismiss a counterclaim, the Court "applies the same standard of review that would be applied to a Rule 12(b)(6) motion to dismiss a complaint." *First Data Merch. Servs. Corp. v. SecurityMetrics, Inc.*, Civil Action No. RDB–12–2568, 2013 WL 6234598, at *3 (D. Md. Nov. 13, 2013) (citations omitted); *see, e.g.*, *Great Am. Ins. Co. v. Chapman*, Civil Action No. 3:13–27225, 2014 WL 2534901, at *1–2 (S.D. W. Va. June 5, 2014); *Marfork Coal Co. v. Smith*, Civil Action No. 5:10–cv–00069, 2011 WL 744727, at *2 (S.D. W. Va. Feb. 23, 2011). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations "must be simple, concise, and direct" and "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a pleading. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1356 (1990)).

"To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged." *Id.* A motion to dismiss will be granted if, "after accepting all well-pleaded allegations in the plaintiff's [pleading] as true and drawing all reasonable factual inferences from those facts in the plaintiff's

5

favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

Plaintiff argues that Federal Rule of Civil Procedure 71.1 prohibits Defendant from filing a counterclaim in this condemnation proceeding. (ECF 13.) The Court agrees.

Rule 71.1 "govern[s] proceedings to condemn real and personal property by eminent domain." Fed. R. Civ. P. 71.1(a); *see also S. Natural Gas Co. v. Land, Cullman Cnty.*, 197 F.3d 1368, 1375 (11th Cir. 1999) (holding "that the practices and procedures of federal eminent domain actions . . . are governed by" Rule 71.1 and stating that this rule supersedes the Natural Gas Act, 15 U.S.C. § 717f(h) and state law). "The purpose of Rule 71.1 is to provide for a uniform procedure for condemnation in the federal courts." *N. Natural Gas Co. v. Approximately 9117.53 Acres in Pratt, Kingman, & Reno Counties, Kan.*, No. 10–1232–WEB, 2011 WL 2118642, at *3 (D. Kan. May 27, 2011) (citing Fed. R. Civ. P. 71.1 advisory committee's note (1951)). Rule 71.1 states the following, in relevant part, regarding a defendant's permissible answers to a complaint in condemnation:

> A defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed. But at the trial on compensation, a defendant--whether or not it has previously appeared or answered--may present evidence on the amount of compensation to be paid and may share in the award.

Fed. R. Civ. P. 71.1(e)(3). The "prohibition of other pleadings" in Rule 71.1(e) "clearly had, as its purpose, an early joinder of issue and the elimination of the possibility of extended delay through the presentation of preliminary pleadings with resultant hearings and orders." *Atl. Seaboard Corp. v. Van Sterkenburg*, 318 F.2d 455, 458 (4th Cir. 1963) (discussing the precursor rule to Rule 71.1(e)); *see also* 12 Charles Alan Wright et al., *Federal Practice & Procedure* § 3042 (2d ed.) ("It

is apparent from the Advisory Committee's Note to this subdivision that the . . . language" in the precursor rule to Rule 71.1(e)(3) "was provided in order to bring the case quickly to issue between the government and the landowner.") "One pleading to raise all objections and defenses to the taking and one hearing to dispose of them are contemplated, not successive pleadings and successive hearings spanning a much longer period of time." *Atl. Seaboard Corp.*, 318 F.2d at 458.

In *Washington Metropolitan Area Transit Authority v. Precision Small Engines*, the Fourth Circuit addressed whether Rule 71.1 permits counterclaims and noted the following:

> Even if [the defendant] had properly preserved their argument on the "Counter Claim," it would not prevail in this Court because the "Counter Claim" was not a permissible pleading. Under [the precursor rule to Rule 71.1(e)], aside from contesting the amount of a compensation award, any defense or objection not asserted in an answer is waived. Simply put, no other pleading besides the answer is contemplated.

227 F.3d 224, 228 n.2 (4th Cir. 2000) (citations omitted); *see also Atl. Seaboard Corp.*, 318 F.2d at 458 (stating that the "prohibition of any pleading other than an answer" in the precursor rule to Rule 71.1 was "clear and unambiguous"). The vast majority of courts that have addressed this issue are in accordance with the Fourth Circuit that counterclaims are not permitted in condemnation actions. *E.g.*, *Constitution Pipeline Co.*, 2015 WL 1726223, at *1 ("The weight of authority holds that a counterclaim may not be raised in the answer to a condemnation action under section 71.1." (citations omitted)); *New West v. City of Joliet*, Nos. 05 C 1743, 07 C 7214, 11 C 5305, 2012 WL 366733, at *6 (N.D. Ill. Jan. 30, 2012) ("The weight of authority appears to bar counterclaims." (citations omitted)); *see, e.g.*, *United States v. 191.07 Acres of Land*, 482 F.3d 1132, 1140 (9th Cir. 2007) (Leavy, J., dissenting) ("A property owner cannot file a counterclaim in a direct condemnation action." (citing *United States v. 40.60 Acres of Land, More or Less, in Contra Costa Cnty., Cal., Contra Costa Cnty. Water Dist.*, 483 F.2d 927, 927 n.1 (9th Cir. 1973)));

7

*United States v. 3,317.39 Acres of Land, More or Less, in Jefferson Cnty., Ark.*, 443 F.2d 104, 106 (8th Cir. 1971) (stating that "permitting a counterclaim in a condemnation suit . . . may not be done" (citations omitted)); *United States v. 1440.35 Acres of Land, More or Less, Situate in Charles Cnty., Md.*, 438 F. Supp. 1070, 1073–74 (D. Md. 1977) (discussing the precursor rule to Rule 71.1 and stating that "[a] counterclaim, which would seem to be an appropriate vehicle for raising a claim that the government is actually taking a greater estate than that described in the Declaration of Taking, is . . . not permitted by the Federal Rules of Civil Procedure"); *Constitution Pipeline Co.*, 2015 WL 1726223, at *1–2 (finding that Rule 71.1(e)(3) did not permit the defendant's counterclaim in a condemnation proceeding); *New West*, 2012 WL 366733, at *6 ("Following the weight of authority, the court construes Rule 71.1 to prohibit counterclaims seeking legal relief."); *N. Natural Gas Co.*, 2011 WL 2118642, at *4 ("[T]he court concludes that any . . . counterclaims should be asserted, if at all, in an action separate from this condemnation."); *United States v. 1.58 Acres of Land Situated in Bos., Suffolk Cnty., Mass.*, 523 F. Supp. 120, 122 (D. Mass. 1981) (finding that a counterclaim to a complaint in condemnation is not permitted); *see also* 12 Charles Alan Wright et al., *Federal Practice & Procedure* § 3048 (2d ed.) (stating that, under Rule 71.1(e), "[a] counterclaim may not be raised in the answer"). *But see Columbia Gas Transmission LLC v. Crawford*, 267 F.R.D. 227, 228–29 (N.D. Ohio 2010) (interpreting Rule 71.1 as permitting counterclaims in condemnation proceedings). The Court follows the precedent of the Fourth Circuit and the majority of decisions from other federal courts and finds that Rule 71.1(e) prohibits Defendants from filing a counterclaim in this condemnation proceeding. To the extent Defendants seek to contest the amount of compensation Plaintiff will provide for the sought-after easements, they may do so "at the trial on compensation." Fed. R. Civ. P. 71.1(e)(3).

For these reasons, the Court finds that Defendants' counterclaim fails to state a claim upon which relief may be granted. Accordingly, the Court **GRANTS** the Motion.

### *III. Conclusion*

For the reasons discussed above, the Court **GRANTS** the Motion, (ECF 12), and **DISMISSES** Defendants' counterclaim, (ECF 10 at 7–9).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        June 16, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

9